**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x

WORLDWIDE FUN LTD., and
SMILING ALBINO LTD.,

                    Plaintiffs,

     -against-

SANUK ENTERPRISES, INC., KENNETH FISH d/b/a
ABSOLUTE TRAVEL, and GUY CHIRICO,

                    Defendants.

------------------------------------------------------------------------ x

**DOC NO.: 1:17-CV-3418**

**AFFIRMATION IN REPLY AND IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Jennifer Redmond, an attorney duly admitted to practice law before the United States District Court, Southern District of New York, aware of the penalties of perjury, affirms as follows:

1. I am a member of the firm of Redmond Law PLLC, attorneys for Worldwide Fun Ltd. and Smiling Albino Ltd (collectively "Smiling Albino" or "Plaintiffs"), in the above-entitled action and I am familiar with all the facts and circumstances in this action.

2. I submit this affirmation in reply in further support of Smiling Albino's motion for partial summary judgment and in response to the affidavit of Kenneth Fish ("Fish"), the Founder, President, and sole corporate officer of Sanuk Enterprises, Inc. ("Sanuk"), that did business under the name Absolute Travel.

3. Similar to how he ran the business, Fish's opposing papers are wrought with inconsistent statements further demonstrating Fish's ability to change the truth to suit his needs.

4. For example, Fish states in his affidavit that "[t]he allegation that I exclusively controlled everything is an exaggeration." Fish Aff. ¶22. Yet, he also states in that same affidavit,

1

"It is true that I was the Sole Shareholder and President of the Company and I exercised control over the Company." *Id.* ¶12.

5. Moreover, he admits during his deposition when asked if other Sanuk employees oversaw financial aspects of the company, stating, "[n]o, actually it was always me." (Redmond Moving Aff, Exh. C, Fish Dep., p. 91:16-17).

6. Further, Fish's opposing Memo of Law unequivocally states that Fish was in control and dominated the corporation: "There is no dispute that Fish, the Sole Shareholder and and President of Sanuk, was in control and dominated the corporation." (Defendant Memo of Law, p.1)

7. Further evidence of Fish changing the facts to suit his needs, Fish states that in 2015 his company's revenue exceeded $13.0 million and that it was a "functioning company with adequate capital resources and not a 'shell' corporation." Despite that, he also states, the "[c]ompany reported a loss for tax purposes …," Fish Aff. ¶13, making it clear that he reported a loss on his tax return despite that he alleges the company was making money.

8. This is consistent throughout his opposing papers where he conjures up a defense that the company went out of business because the employees left. This is nonsense. The employees left because he stopped paying them. (Overton Aff. ¶¶ 4, 5).

9. Regarding discovery, Fish claims he produced Chase bank statements for September and October 2016; however, what he produced was his personal Chase bank statements and not the corporate Chase statements, which Plaintiff's deficiency letter of November 30, 2017, demanded. (Fish Aff. ¶29, Exh. H).

10. Per plaintiff's November letter, "Significantly, in advance of Mr. Fish's deposition, Plaintiffs require all account statements for all checking, savings, and credit cards used to conduct Sanuk's business spanning from 2008 through February 2017."

11. Instead, in an apparent attempt to hide the actual corporate statements, Fish produces September 2016 and October 2016 personal bank account statements (account ending in 09166), which have no bearing on his failure to produce Sanuk's September 2016 and October 2016 corporate bank account statements (account ending in 2196).  Exh. N.

12. To date, Fish has not produced the corporate Chase statements for those two months, nor has he produced an affidavit attesting to that fact as demanded.

13. It is respectfully submitted that Fish's failure to produce documents duly demanded warrants an adverse inference regarding Fish's use of Sanuk as his alter ego.

14. Finally, notwithstanding that Overton and Lehman's statements would likely fall within an exception to the hearsay rule, statements against interest, none of the alleged hearsay statements contained in the Overton or Lehman are dispositive regarding Fish's complete control and domination of Sanuk to defraud and/or wrong Smiling Albino.

15. There can be no dispute that Fish got paid by clients planning trips with Smiling Albino, that Fish took money from the company for his personal gain and never paid Smiling Albino for the trips they paid in advance for, leaving them due and owing $368,829.91, plus interest.

WHEREFORE, Plaintiffs respectfully requests that this Court grant Smiling Albino's Motion for Partial Summary and an order be granted piercing the corporate veil holding Ken Fish personally responsible for the debts of Sanuk.

Dated: New York, New York
March 9, 2018

_____
Jennifer Redmond (JR 0387)
Redmond Law PLLC
Attorney for Plaintiffs
80 Broad Street, Suite 1202
New York, NY 10004
212-799-8989