UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
WORLDWIDE FUN LTD., and
SMILING ALBINO LTD.,                    :   DOC NO.: 1:17-CV-3418
                                         :   (VEC) (KHP)
            Plaintiffs,                  :
                                         :
        -against-                        :
                                         :
SANUK ENTERPRISES, INC., KENNETH FISH d/b/a   :
ABSOLUTE TRAVEL, and GUY CHIRICO,       :
                                         :
            Defendants.                  :
------------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN REPLY TO
DEFENDANT KENNETH FISH'S OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST KENNETH FISH</u>**

Jennifer Redmond (JR 0387)
REDMOND LAW PLLC
Attorneys for Plaintiffs
Worldwide Fun Ltd.
and Smiling Albino Ltd.
80 Broad Street – Suite 1202
New York, NY 10004
Telephone: 212-799-8989

i

**PRELIMINARY STATEMENT**

Plaintiffs, Worldwide Fun Ltd. and Smiling Albino Ltd. (collectively "Smiling Albino" or "Plaintiffs"), respectfully submit this brief in reply to Defendant Kenneth Fish's ("Fish") opposition to Smiling Albino's Motion for Partial Summary Judgment against Fish pursuant to Rule 56 on its second cause of action, based upon Fish having defrauded and/or wronged Smiling Albino through Defendant Sanuk Enterprises, Inc. ("Sanuk"), his alter ego.

Fish argues in his opposition that while there is no dispute that he "was in control and dominated" Sanuk, Sanuk's corporate veil cannot be pierced because his domination of Sanuk was not the cause of Smiling Albino's loss. Fish claims the resignation of Sanuk's employees in March of 2017 was the cause of Sanuk's demise, and therefore the cause of Smiling Albino's loss. However, while there is no proof that the cause of the company's demise was employee resignations, there is the uncontroverted evidence that Fish used his admitted domination and control of Sanuk to defraud and/or wrong Smiling Albino and Fish's actions are the cause of Smiling Albino's loss.

**ARGUMENT**

**FISH USED SANUK, AN ALTER EGO, TO DEFRAUD AND/OR WRONG PLAINTIFFS**

Notwithstanding, that Smiling Albino demonstrated in its moving papers that Sanuk was Fish's alter ego,[1] Fish admits that he exercised complete domination and control of Sanuk thereby establishing the first factor required for piercing the corporate veil. Fish Opposing Memo of Law, pp. 1, 9. Thus, Smiling Albino need only prove the second factor, that Fish used his domination to commit a fraud and/or wrong that injured Smiling Albino. The second factor has also been established here, as more fully briefed below. At a minimum, Fish was personally taking funds

---

[1] Fraser Aff. ¶ 11; Lehman Aff. ¶¶ 9-13; Overton Aff. ¶¶ 4-11; Exh. G, H, I, J, K, L.

1

from the company while making promises to pay Smiling from a company that was grossly illiquid, if not verging on bankruptcy. [2]

There is no dispute that Smiling Albino is owed $368,829.91, for various trips that were paid for by the clients that booked trips via Sanuk and there can be no dispute that Fish's domination and control of Sanuk, specifically that Fish took corporate assets for his personal use, is the reason Smiling has not been paid for these trips. First, Fish admits that he used Sanuk's funds to pay for personal expenses, and that personal funds were used for Sanuk's expenses. Fish Aff. ¶¶ 24, 28, 37. Fish explains examples of this practice were done "[f]or convenience." Fish Aff. ¶ 24. While undoubtedly any corporate owner would find it convenient to utilize corporate funds for personal expenses, here it demonstrates Fish's history of using Sanuk for personal expenses as far back as 2006. Fish makes no explanation as to why when Sanuk's debts to Smiling Albino grew from $69,449.00 on December 2, 2015 to $385,532.12 on February 22, 2017 (Fish Aff. ¶15, Exh. G.), Fish was simultaneously writing checks payable to him, his wife, Kyoko Honma, and/or to "cash" in the total amount of $345,479.40 from January 2016 to February 2017. Overton Reply Aff. ¶9, Exh. N.

Sanuk's former employees were not aware of these transactions, which should have been used to pay Sanuk's vendors. *Id*. Fish's description of these fraudulent and/or wrongful transfers as "loan repayments" is not credible, as he does not provide any documentation regarding the supposed loan terms, installment requirements, and the like. An officer's loan is not repaid in haphazard payments with checks payable to "cash." Moreover, if Fish's actions were designed to save Sanuk from financial ruin and keep the business running, rather than defrauding and/or wronging Sanuk's creditors, his repayment of "loans" to himself undercut those efforts.

---

[2] Fraser Aff., Exhs. C, F; Fish and Sanuk's financial account records, Exhs. J, K, L, N.

"To use domination and control to cause another entity to breach a contractual obligation for personal gain is certainly misuse of the corporate form to commit a wrong." *Cobalt Partners, L.P. v. GSC Capital Corp.*, 97 A.D.3d 35 (1st Dept. 2012). New York courts have repeatedly utilized veil-piercing theories to hold individual officers liable for a company's debts where the officer was the beneficiary of the conveyance by the company. *E.g., Sungchang Interfashion Co. v. Stone Mt. Access., Inc.*, 2013 U.S. Dist. LEXIS 137868 at * 11-12 (S.D.N.Y. 2013) (permitting fraudulent conveyance claims against individual executive of corporation that engaged in purportedly sham asset sale to proceed based on veil-piercing theory); *NPR, LLC v. Met: Fin. Mgmt., Inc.*, 63 A.D.3d 1128, 1129 (2d Dept. 2009) (affirming veil piercing as to individual associated with transferee corporation in fraudulent conveyance action); *c.f. D'Mel & Assocs. v. Athco, Inc.*, 105 A.D.3d 451, 452 (1st Dept. 2013) (individual executives of debtors "who were not transferees of either conveyance" could not "be held liable without piercing the corporate veil unless they benefited from the conveyances"). "[A] misrepresentation concerning present facts states an independent claim of fraud…." *Solutia Inc. v FMC Corp.*, 385 F Supp 2d 324, 342 (S.D.N.Y. 2005).

Here, Fish's multiple personal conveyances over a short span of time would have covered nearly the entire debt owed to Smiling Albino. Despite his critical knowledge of Sanuk's dire financial state, Fish exercised his complete domination and control of Sanuk to transfer funds to himself personally while falsely promising on numerous occasions that Smiling Albino's payments could and would be coming soon. Smiling Albino would not have engaged Sanuk further had it not been for Fish's false statements. Fraser Aff. in Reply, ¶7. Accordingly, Sanuk's corporate veil should be pierced and Fish should be held liable for Sanuk's debts.

**CONCLUSION**

"[T]he stripping of corporate assets by shareholders to render the corporation judgment proof constitutes a fraud or wrong justifying piercing the corporate veil.'" *American Federated Title Corp. v. GFI Mgmt. Servs., Inc.*, 39 F. Supp. 3d 516, 527 (S.D.N.Y. 2014) (*quoting Godwin Realty Assocs. v. CATV Enters.*, 275 A.D.2d 269, 270 (1st Dept. 2000)). "[T]he courts apply the preexisting and overarching principle "that liability is imposed to reach an equitable result." *Bridgestone/Firestone v. Recovery Credit Servs.*, 98 F3d 13, 18 (2d Cir. 1996) (*quoting Brunswick Corp. v. Waxman*, 599 F.2d 34, 36 (2d Cir. 1979)).

The equitable result in this matter is to hold Fish personally liable for Sanuk's debts, since he used Sanuk as his alter ego to defraud and/or wrong Smiling Albino. For the foregoing reasons, Plaintiffs respectfully request that the Court grant Smiling Albino's Motion for Partial Summary Judgment in its entirety, holding Fish personally liable for Sanuk's debts.

Dated: New York, New York
       March 9, 2018

                                             Respectfully submitted,

                                             Jennifer Redmond, Esq. (JR 0387)
                                             Redmond Law PLLC
                                             80 Broad Street, Suite 1202
                                             New York, New York 10004
                                             212-799-8989